MARIE TRIMBLE HOLVICK (SBN: 257891)
MICHELLE FREEMAN (SBN: 318908)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
mholvick@grsm.com
mxfreeman@grsm.com

Attorneys for Defendants,
NEW WAVE FOODS, INC., DOMINIQUE BARNES,
and MICHELLE WOLF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SHAPIRO, an individual,<br><br>                              Plaintiff,<br><br>vs.<br><br>NEW WAVE FOODS, INC., a Delaware Corporation; DOMINIQUE BARNES, an individual; MICHELLE WOLD, an individual; and DOES 1 to 100, inclusive,<br><br>                              Defendants. | CASE NO. 4:18-cv-05812-JSC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: September 21, 2018 |

Defendants NEW WAVE FOODS, INC., DOMINIQUE BARNES, and MICHELLE WOLF (hereinafter "Defendants") hereby respond to Plaintiff ALEXANDER SHAPIRO'S ("Plaintiff") Complaint as follows:

**I.    INTRODUCTION AND BRIEF STATEMENT OF THE CASE**

1. There are no factual allegations in this paragraph.

2. Defendants admit that DOMINIQUE BARNES ("Barnes") and MICHELLE WOLF ("Wolf") are co-founders of Defendant NEW WAVE FOODS, INC. ("New Wave"). Defendants admit that Barnes is New Wave's Chief Executive Officer. Defendants admit that Wolf is New Wave's Chief Technical Officer. Defendants admit that New Wave hired Plaintiff in November 2016. Defendants deny that Plaintiff was hired as New Wave's Chief Marketing

Officer and Chief Operating Officer. Defendants deny that Plaintiff was offered a "substantial stake in the company," or that any such "substantial stake" would "fully vest" after one year of employment. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

3.  Defendants deny the allegations in this paragraph.

4.  Defendants deny the allegations in this paragraph.

5.  Defendants deny the allegations in this paragraph.

6.  Defendants deny the allegations in this paragraph.

7.  Defendants admit that New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

8.  Defendants deny the allegations in this paragraph.

## II.  JURISDICTION AND VENUE

9.  Defendants admit that New Wave is a citizen of Delaware. Defendants admit that Barnes and Wolf are citizens of California. Defendants lacks sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

## III.  PARTIES

10. Defendants admit that New Wave employed Plaintiff from November 10, 2016 until September 28, 2017. Defendants lacks sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

11. Defendants admit the allegations in this paragraph.

12. Defendants admits that Barnes lives in Alameda County. Defendants deny the remaining allegations in this paragraph.

13. Defendants admit the allegations in this paragraph. MICHELLE – Please confirm that you live and work in SF.

14. Defendants deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

## IV.  FACTUAL ALLEGATIONS

16. There are no factual allegations in this paragraph.

17. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

18. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

19. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

20. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

21. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

22. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

23. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

24. Defendants admit Plaintiff was offered a position at New Wave with a salary of $160,000 per year with no additional benefits. Defendants lacks sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

25. Defendants admit Plaintiff was offered a 5% equity stake in New Wave through a Restricted Stock Purchase Agreement. Defendants admit that Plaintiff paid $462.99. Defendants admit Plaintiff was required to be employed by New Wave for one year to secure his equity stake.

26. Defendants admit Plaintiff signed the Restricted Stock Purchase Agreement and paid $462.99. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

27. Defendants deny the allegations in this paragraph.

28. Defendants admit that at the time New Wave hired Plaintiff, NWF had a fully cooked shrimp product. Defendants admit Plaintiff helped New Wave develop four other products. Defendants deny the remaining allegations in this paragraph.

29. Defendants admit New Wave raised $780,000 on a $2 million note. Defendants deny the remaining allegations in this paragraph.

30. Defendants admit Plaintiff conducted some research on investors. Defendants admit New Wave took a meeting in New York to improve New Wave's product's flavor. Defendants deny the remaining allegations in this paragraph.

31. Defendants admit that Plaintiff fixed some incorrect coding, worked with outside finance personnel, and identified some other errors. Defendants deny the remaining allegations in this paragraph.

32. Defendants admit Barnes was working on a financial overhaul of New Wave with another person. Defendants deny the remaining allegations in this paragraph.

33. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them

34. Defendants deny Plaintiff set New Wave on the road to success. Defendants deny the allegations in this paragraph. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

35. Defendants deny the allegations in this paragraph.

36. Defendants deny the allegations in this paragraph.

37. Defendants deny the allegations in this paragraph.

38. Defendants deny the allegations in this paragraph.

39. Defendants deny the allegations in this paragraph.

40. Defendants deny the allegations in this paragraph.

41. Defendants deny the allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

44. Defendants deny the allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants admit Plaintiff executed a Restricted Stock Purchase Agreement. Defendants deny the allegations in this paragraph.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

47. Defendants admit Plaintiff's shares vested pursuant to a vesting schedule of a four year vesting and a one-year cliff. The vesting schedule was contingent upon Plaintiff remaining employed with New Wave. Defendants deny the remaining allegations in this paragraph.

48. Defendants admit the allegations in this paragraph.

49. Defendants admit the allegations in this paragraph.

50. Defendants admit that New Wave's offer lowered Plaintiff's immediate take-home pay. Defendants admit that New Wave was attempting to cut costs. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on this basis denies them.

51. Defendants deny the allegations in this paragraph.

52. Defendants deny the allegations in this paragraph.

53. Defendants admit Plaintiff contracted a former colleague from Del Monte as an independent contractor. Defendants deny the remaining allegations in this paragraph.

54. Defendants deny the allegations in this paragraph.

55. Defendants deny the allegations in this paragraph.

56. Defendants admit Plaintiff played a role in establishing a relationship with Kiki Adami. Defendants deny the remaining allegations in this paragraph.

57. Defendants deny the allegations in this paragraph.

58. Defendants deny the allegations in this paragraph.

59. Defendants deny the allegations in this paragraph.

60. Defendants admit that New Wave terminated Plaintiff on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

61. Defendants admit the termination letter provided to Plaintiff stated: "You have not successfully executed the duties for which you were hired. As our business depends on the efficiency and effectiveness of our work force, we have decided to terminate your employment." Defendants deny the remaining allegations in this paragraph.

62. Defendants deny the allegations in this paragraph.

63. Defendants admit the allegations in this paragraph.

64. Defendants lacks sufficient information to admit or deny the allegations in this paragraph and on this basis denies them

65. Defendants admit that New Wave issued Plaintiff a cashier check in the amount of $462.99 on October 11, 2017. Defendants deny the remaining allegations in this paragraph.

66. Defendants deny the allegations in this paragraph.

67. Defendants admit the allegations in this paragraph.

68. Defendants deny the allegations in this paragraph.

69. Defendants lacks sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

## FIRST CLAIM FOR RELIEF

### Breach of Employment Contract

*(Against All Defendants)*

70. There are no factual allegations in this paragraph.

71. Defendants admit the allegations in this paragraph.

72. Defendants admit that Plaintiff was hired as an at-will employee. Defendant denies the remaining allegations in this paragraph.

73. Defendants deny the allegations in this paragraph.

74. Defendants deny the allegations in this paragraph.

75. Defendants deny the allegations in this paragraph.

76. Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### Religious Discrimination in Violation of the California

### Fair Employment & Housing Act ("FEHA") (Cal. Govt. Code § 12940(a))

*(Against All Defendants)*

77. There are no factual allegations in this paragraph.

78. Defendants admit the allegations in this paragraph.

79. Defendants deny the allegations in this paragraph.

80. Defendants lack sufficient information to admit or deny the allegations in this

1 paragraph and on this basis denies them.

2  81.  Defendants deny the allegations in this paragraph.

3  82.  Defendants admit that New Wave terminated Plaintiff on September 28, 2017.
4 Defendants deny the remaining allegations in this paragraph.

5  83.  Defendants deny the allegations in this paragraph.

6  84.  Defendants deny the allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

### Age Discrimination in Violation of FEHA

### (Cal. Govt. Code § 12940(a))

*(Against All Defendants)*

11  85.  There are no factual allegations in this paragraph.

12  86.  Defendants admit the allegations in this paragraph.

13  87.  Defendants deny the allegations in this paragraph.

14  88.  Defendants lacks sufficient information to admit or deny the allegations in this
15 paragraph and on this basis denies them.

16  89.  Defendants deny the allegations in this paragraph.

17  90.  Defendants admit that New Wave terminated Plaintiff on September 28, 2017.
18 Defendants deny the remaining allegations in this paragraph.

19  91.  Defendants deny the allegations in this paragraph.

20  92.  Defendants deny the allegations in this paragraph.

## FOURTH CLAIM FOR RELIEF

### Sexual Orientation Discrimination in Violation of FEHA

### (Cal. Govt. Code § 12940(a))

*(Against All Defendants)*

25  93.  There are no factual allegations in this paragraph.

26  94.  Defendants admit the allegations in this paragraph.

27  95.  Defendants deny the allegations in this paragraph.

28  96.  Defendants deny the allegations in this paragraph.

97. Defendants admit that New Wave terminated Plaintiff on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

98. Defendants deny the allegations in this paragraph.

99. Defendants deny the allegations in this paragraph.

## FIFTH CLAIM FOR RELIEF

### Marital Status Discrimination in Violation of FEHA

### (Cal. Govt. Code § 12940(a))

*(Against All Defendants)*

100. There are no factual allegations in this paragraph.

101. Defendants admit the allegations in this paragraph.

102. Defendants deny the allegations in this paragraph.

103. Defendants deny the allegations in this paragraph.

104. Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

105. Defendants deny the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

## SIXTH CLAIM FOR RELIEF

### Failure to Prevent Religious Discrimination (Cal. Govt. Code § 12940(m))

*(Against All Defendants)*

107. There are no factual allegations in this paragraph.

108. Defendants admit the allegations in this paragraph.

109. Defendants deny the allegations in this paragraph.

110. Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

111. Defendants deny the allegations in this paragraph.

112. Defendants deny the allegations in this paragraph.

113. Defendants deny the allegations in this paragraph.

## SEVENTH CLAIM FOR RELIEF

### Failure to Prevent Age Discrimination (Cal. Govt. Code § 12940(m))

*(Against All Defendants)*

114. There are no factual allegations in this paragraph.
115. Defendants admit the allegations in this paragraph.
116. Defendants deny the allegations in this paragraph.
117. Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.
118. Defendants deny the allegations in this paragraph.
119. Defendants deny the allegations in this paragraph.
120. Defendants deny the allegations in this paragraph.

## EIGHT CLAIM FOR RELIEF

### Failure to Prevent Sexual Orientation Discrimination

### (Cal. Govt. Code § 12940(m))

*(Against All Defendants)*

121. There are no factual allegations in this paragraph.
122. Defendants admit the allegations in this paragraph.
123. Defendants deny the allegations in this paragraph.
124. Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.
125. Defendants deny the allegations in this paragraph.
126. Defendants deny the allegations in this paragraph.
127. Defendants deny the allegations in this paragraph.

## NINTH CLAIM FOR RELIEF

### Failure to Prevent Marital Status Discrimination

### (Cal. Govt. Code § 12940(m))

*(Against All Defendants)*

128. There are no factual allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

129. Defendants admit the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph.

131. Defendants deny the allegations in this paragraph.

132. Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

133. Defendants deny the allegations in this paragraph.

134. Defendants deny the allegations in this paragraph.

135. Defendants deny the allegations in this paragraph.

## TENTH CLAIM FOR RELIEF

**Harassment In Violation of FEHA (California Govt. Code § 12940(j))**

*(Against All Defendants)*

136. There are no factual allegations in this paragraph.

137. Defendants admit the allegations in this paragraph.

138. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

139. Defendants deny the allegations in this paragraph.

140. Defendants deny the allegations in this paragraph.

141. Defendants deny the allegations in this paragraph.

## ELEVENTH CLAIM FOR RELIEF

**Failure to Prevent Harassment in Violation of FEHA**

**(Cal. Govt. Code § 12940(k))**

*(Against All Defendants)*

142. There are no factual allegations in this paragraph.

143. Defendants admit the allegations in this paragraph.

144. Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

145. Defendants deny the allegations in this paragraph.

146. Defendants deny the allegations in this paragraph.

1   147.   Defendants deny the allegations in this paragraph.

## TWELFTH CLAIM FOR RELIEF

### Retaliation in Violation of FEHA (Cal. Govt. Code § 12940(h))

*(Against All Defendants)*

148.   There are no factual allegations in this paragraph.

149.   Defendants admit the allegations in this paragraph.

150.   Defendants deny the allegations in this paragraph.

151.   Defendants deny the allegations in this paragraph.

152.   Defendants deny the allegations in this paragraph.

153.   Defendants deny the allegations in this paragraph.

154.   Defendants lack sufficient information to admit or deny the allegations in this paragraph and on this basis denies them.

155.   Defendants deny the allegations in this paragraph.

156.   Defendants deny the allegations in this paragraph.

157.   Defendants deny the allegations in this paragraph.

## THIRTEENTH CLAIM FOR RELIEF

### Wrongful Discharge In Violation of Public Policy

*(Against All Defendants)*

158.   There are no factual allegations in this paragraph.

159.   Defendants admit the allegations in this paragraph.

160.   Defendants deny the allegations in this paragraph.

161.   Defendants admit New Wave terminated Plaintiff's employment on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

162.   Defendants deny the allegations in this paragraph.

163.   Defendants deny the allegations in this paragraph.

///

///

///

## FOURTEENTH CLAIM FOR RELIEF

### Fraud

*(Against All Defendants)*

164. There are no factual allegations in this paragraph.

165. Defendants admit the allegations in this paragraph.

166. Defendants admit they approached Plaintiff with a new offer. Defendants deny the remaining allegations in this paragraph.

167. Defendants deny the allegations in this paragraph.

168. Defendants deny the allegations in this paragraph.

169. Defendants deny the allegations in this paragraph.

170. Defendants deny the allegations in this paragraph.

171. Defendants deny the allegations in this paragraph.

## FIFTEENTH CLAIM FOR RELIEF

### Negligent Misrepresentation

*(Against All Defendants)*

172. There are no factual allegations in this paragraph.

173. Defendants admit the allegations in this paragraph.

174. Defendants admit they approached Plaintiff with a new offer. Defendants deny the remaining allegations in this paragraph.

175. Defendants deny the allegations in this paragraph.

176. Defendants deny the allegations in this paragraph.

177. Defendants deny the allegations in this paragraph.

178. Defendants deny the allegations in this paragraph.

## SIXTEENTH CLAIM FOR RELIEF

### Breach of Fiduciary Duty

*(Against All Defendants)*

179. There are no factual allegations in this paragraph.

180. Defendants admit the allegations in this paragraph

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

181. Defendants admit the allegations in this paragraph.

182. Defendants admit they approached Plaintiff with a new offer. Defendants deny the remaining allegations in this paragraph.

183. Defendants deny the allegations in this paragraph.

184. Defendants deny the allegations in this paragraph.

185. Defendants deny the allegations in this paragraph.

186. Defendants deny the allegations in this paragraph.

## SEVENTEENTH CLAIM FOR RELIEF

### Breach of Covenant of Good Faith and Fair Dealing

*(Against All Defendants)*

187. There are no factual allegations in this paragraph.

188. Defendants admit the allegations in this paragraph.

189. Defendants admit they approached Plaintiff with a new offer. Defendants deny the remaining allegations in this paragraph.

190. Defendants deny the allegations in this paragraph.

191. Defendants deny the allegations in this paragraph.

192. Defendants deny the allegations in this paragraph.

193. Defendants deny the allegations in this paragraph.

194. Defendants deny the allegations in this paragraph.

## EIGHTEENTH CAUSE OF ACTION

### Money Had and Received

*(Against All Defendants)*

195. There are no factual allegations in this paragraph.

196. Defendants admit the allegations in this paragraph.

197. Defendants admit that New Wave terminated Plaintiff on September 28, 2017. Defendants deny the remaining allegations in this paragraph.

198. Defendants deny the allegations in this paragraph.

199. Defendants deny the allegations in this paragraph.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### NINETEENTH CAUSE OF ACTION

### Constructive Trust (Civil Code §§ 2223, 2224)

*(Against All Defendants)*

200. There are no factual allegations in this paragraph.

201. Defendants admit the allegations in this paragraph.

202. Defendants deny the allegations in this paragraph.

203. Defendants deny the allegations in this paragraph.

204. Defendants deny the allegations in this paragraph.

### TWENTIETH CLAIM FOR RELIEF

### Injunctive Relief – Incorrect Wage Statements (California Labor Code § 226)

*(Against Defendant NEW WAVE)*

205. There are no factual allegations in this paragraph.

206. Defendants admit the allegations in this paragraph.

207. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure. Nonetheless, Defendant admits the allegations in this paragraph.

208. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure.

209. Defendants admits the allegations in this paragraph.

210. Defendants deny the allegations in this paragraph.

211. Defendants deny the allegations in this paragraph.

### TWENTY-FIRST CLAIM FOR RELIEF

### Nonpayment of Wages (California Labor Code §§ 201, 218)

*(Against All Defendants)*

212. There are no factual allegations in this paragraph.

213. Defendants admit the allegations in this paragraph.

214. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure. Nonetheless,

Defendant admits the allegations in this paragraph.

215. Defendants admits the allegations in this paragraph.

216. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure.

217. Defendants deny the allegations in this paragraph.

218. Defendants deny the allegations in this paragraph.

## TWENTY-SECOND CLAIM FOR RELIEF

### Waiting Time Penalty (California Labor Code §§ 203, 218)

*(Against All Defendants)*

219. There are no factual allegations in this paragraph.

220. Defendants admit the allegations in this paragraph.

221. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure. Nonetheless, Defendant admits the allegations in this paragraph.

222. Defendants admit the allegations in this paragraph.

223. Defendant states the averments set forth in Paragraph 207 are conclusions of law, which requires no responsive pleading under the Federal Rules of Civil Procedure.

224. Defendants deny the allegations in this paragraph.

225. Defendants deny the allegations in this paragraph.

226. Defendants deny the allegations in this paragraph.

227. Defendants deny the allegations in this paragraph.

### V.   PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the damages alleged or sought.

### DEMAND FOR JURY TRIAL

There are no factual allegations in this paragraph.

### AFFIRMATIVE DEFENSES

On information and belief, Defendants allege that the following affirmative defenses bar this action, in whole or in part:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Defendants assert that Plaintiff's Complaint, and each purported claim alleged therein, fails to state facts sufficient to constitute a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Defendants assert that Plaintiff's Complaint is barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

Defendants assert that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

Defendants assert that Plaintiff failed to exhaust his administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

Defendants assert that Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages, if any, and is therefore barred from recovering such damages.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Defendants allege that the causes of action stated in the Complaint are barred by the applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

Defendants assert that Plaintiff's Complaint, including the damages prayed for therein, is barred and/or limited by the doctrine of "after-acquired evidence."

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

Defendants assert that its acts were not a substantial or proximate cause of Plaintiff's injuries, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendants allege that any and all acts, conduct or statements by and/or attributed to it were justified, undertaken in good faith and /or privileged.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants assert that the Complaint, and each purported cause of action alleged therein, is barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Ratification)

Defendants assert that they did not engage in any unlawful conduct towards Plaintiff. However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendants occurred, such conduct was neither authorized nor ratified by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Third Parties)

Defendants allege that any alleged emotional, mental and/or physical injury suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of persons and entities other than any Defendants in this action, including the acts and omissions of Plaintiff himself.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Speculative)

Defendants alleges that Plaintiff is barred from any recovery against Defendants because Plaintiff's alleged damages are speculative.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred because Plaintiff failed to act in good faith towards and deal fairly with Defendants. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused by and attributed to Plaintiff's bad faith and misconduct in dealing with Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Injuries)

Defendants assert that, to the extent Plaintiff alleges he suffered any symptoms of mental or emotional distress, such symptoms are the result of a preexisting, alternative or concurrent cause, and not the result of any act or omission of Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Defendants allege that the Complaint, and each cause of action contained therein, fails to state facts sufficient to state a claim for punitive damages against Defendants.

### RESERVATION OF RIGHTS

Defendants reserve the right to allege other affirmative defenses as they may arise during the course of discovery.

WHEREFORE, Defendants pray for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice.
2. That judgment be entered in favor of Defendants and against Plaintiff.
3. That Defendants be awarded their costs of suit and attorneys' fees incurred herein; and;

///

4. For such and other further relief as this Court may deem just and proper.

Dated: December 21, 2018                    GORDON REES SCULLY MANSUKHANI, LLP

                                            By:  /s/ Marie Trimble Holvick
                                                 Marie Trimble Holvick
                                                 Michelle Freeman
                                            Attorneys for Defendants,
                                            NEW WAVE FOODS, INC., DOMINIQUE
                                            BARNES, and MICHELLE WOLF

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT